UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABUDEL J. SERRANO, | 1: 07 CV 01649 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 12] |
| JAMES YATES, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On May 7, 2003, in Fresno County Superior Court, a jury convicted Petitioner of possession for sale of cocaine base and found true four prior conviction enhancements and a prior prison term enhancement. The court sentenced Petitioner to serve a prison term of 18 years.

Petitioner filed a direct appeal. On April 15, 2005, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), directed the trial court to prepare an amended abstract of judgment to reflect that Petitioner was sentenced to an aggregate term of 18 years including a prior prison term enhancement and to list this enhancement and the prior drug conviction enhancements in section 3. In all other respects, the judgment was affirmed. Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed three pro se state post-conviction collateral challenges:[1]

First Petition

January 16, 2006: Petition for writ of habeas corpus filed in Fresno County Superior Court

April 21, 2006: Petition denied

Second Petition

May 8, 2006: Petition for writ of habeas corpus filed in Court of Appeal

May 25, 2006: Petition denied.

Third Petition

July 12, 2006: Petition for writ of habeas corpus filed in California Supreme Court

February 7, 2007: Petition denied.

Petitioner filed the present action on November 15, 2007.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.C. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

---

[1] Filing dates are based on the mailbox rule, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.C. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.C. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.C. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.C. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.C. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.C. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.C. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.C. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.C. 1082, 1086 (1969), direct review of a criminal

conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.C. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.C. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.C. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner has not opposed or otherwise responded to the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1991); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

<u>Statute of Limitations Bar</u>

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the Court of Appeal affirmed Petitioner's judgment on April 15, 2005. Petitioner did not seek review with the California Supreme Court, thus the time to seek direct review ended upon the expiration of the 40-day period following the issuance of the opinion, on May 25, 2005. Cal. Rules of Court, rule 28(b)(renumbered to 8.500(e)(1)); Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). The one-year statute of limitations began running the following day - - May 26, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was May 25, 2006.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.C. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  In Carey v. Saffold, 536 U.S. 214, 122 S.C. 2134 (2002),  the Court determined that under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.  Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

       In this case, the statute of limitations began running on May 26, 2005.  Petitioner filed his first state post-conviction petition on January 16, 2006, under the mailbox rule.  Thus, 236 days elapsed before the first petition was filed.  Respondent does not argue  that Petitioner's first through third petitions were improperly filed, and therefore concedes that Petitioner is entitled to tolling for the pendency of his first through third petitions.  Respondent therefore concedes that Petitioner is entitled to statutory tolling from January 16, 2006, through February 7, 2007.

       The statute of limitations began running again on February 8, 2007.  Because 236 of the statute of limitations period had already elapsed, the limitations period expired on June 17, 2007.  Petitioner did not file the present federal habeas corpus petition until November 15, 2007.  Thus, barring equitable tolling, the present petition is untimely.

       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.C. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.

1  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at
2  1288-1289.
3        The court's review of the petition in this case reveals no basis for equitable tolling.  The court
4  must conclude, therefore, that this petition for writ of habeas corpus is untimely and is barred by the
5  statute of limitations.
6
7
8        Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:
9  1)    that Respondent's motion to dismiss be GRANTED;
10 2)    that this petition for writ of habeas corpus be DISMISSED as barred by the statute of
11     limitations;
12 3)    that the Clerk of the Court be directed to enter judgment for Respondent and to close this
13     case.
14
15
16       These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days
18 after being served with these findings and recommendations, any party may file written objections
19 with the court and serve a copy on all parties.  Such a document should be captioned "Objections to
20 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
21 and filed within ten days after service of the objections.  The parties are advised that failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).
24 IT IS SO ORDERED.
25 **Dated:   December 9, 2008**          **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE
26
27
28